# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| RICK CANTRELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 09-3210-CV-S-RED |
| ) | Crim No. 04-3127-CR-S-RED-2 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is Petitioner Rick Cantrell's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 1). For the following reasons, Petitioner's motion is **DENIED**.

## BACKGROUND

On November 17, 2004, a federal grand jury returned a superseding indictment charging Petitioner Rick Cantrell (hereinafter "Petitioner") with possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count One); conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 (Count Two); possession of a firearm in furtherance of a drug offense in violation of 18 U.S.C. § 924(c) (Count Three); and possession of a firearm by a convicted felon and unlawful user of controlled substances in violation of 18 U.S.C. § 922(g) (Count Four).

On July 11, 2005, Petitioner joined in a motion to suppress with his co-defendant. After a suppression hearing, the Court denied Petitioner's motion. Petitioner subsequently filed a supplemental motion to suppress, which was also denied. On April 10, 2007, following a jury trial, a jury found Petitioner guilty of the offenses described in Counts One, Two and Four of the

superseding indictment, but not guilty of the crime charged in Count Three. On August 9, 2007, Petitioner was sentenced as a career offender to concurrent sentences of 262 months of imprisonment under Counts One and Two, and a concurrent 120-month sentence under Count Four. On August 23, 2007, Petitioner timely filed a notice of appeal, and the Eighth Circuit Court of Appeals affirmed Petitioner's conviction and sentence on June 30, 2008.

## ANALYSIS

Petitioner presents a number of arguments in his motion, including various arguments as to how his counsel provided ineffective assistance, as well as claims that his due process rights were violated. For the following reasons, the Court finds these arguments do not warrant relief.

**I.     Ineffective Assistance of Counsel**

To establish an ineffective assistance of counsel claim, Petitioner must prove (1) that counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) that the deficient performance prejudiced him so as to deprive him of fair proceedings. *Strickland v. Washington*, 446 U.S. 668, 687-88 (1984). The Court presumes counsel's conduct falls within the range of reasonable professional conduct. *Id.* at 688-89. To satisfy a showing of deficiency, Petitioner must show that counsel failed to exercise the skills and diligence a reasonably competent attorney would have exhibited given the circumstances. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1994). To establish prejudiced performance, Petitioner must show that there is a reasonable probability that, but for counsel's unreasonable professional errors, the results of the proceeding would have been different. *Id.*

Petitioner argues his counsel provided ineffective assistance in a number of respects, including: (1) failing to communicate effectively throughout the proceedings, (2) failing to retest the

evidence, (3) failing to subpoena officers for a suppression hearing, (4) failing to adequately investigate or prepare a defense, and (5) failing to argue on appeal that Petitioner's conviction was obtained by use of a coerced confession.

### A. Communication Between Petitioner and Counsel

Petitioner first argues his communication with counsel was so poor as to render counsel's assistance ineffective. During the proceedings, counsel filed a motion to withdraw wherein he stated Petitioner "refused to talk to counsel, screamed and yelled at counsel using a variety of expletives, pounded on the door yelling for the guards, and directed counsel to, among other things, file this motion to withdraw." Counsel requested the Court set the matter for a status conference "to determine the extent of the breakdown in this communication, and to determine what relief, if any, to afford [Petitioner]." United States Magistrate Judge James England scheduled the matter for hearing, and at the hearing Petitioner agreed to proceed with counsel continuing to represent him. While Petitioner argues the communication problem "is shown all [through] the proceedings of pre-trial, trial and sentencing," he failed to allege any specific instances where he suffered prejudice as a result of the communication issue. Moreover, Petitioner's agreement to continue the proceedings with counsel after the hearing (which was specifically called to address the communication matter) is inconsistent with Petitioner's description of the problem. The Court finds no prejudice on this point, and accordingly, no ineffective assistance.

### B. Retesting Evidence

Petitioner next argues that counsel was ineffective for not having an independent lab test the mixture of substance for methamphetamine. Counsel actually filed a motion with the Court requesting this relief. In an order issued on April 26, 2005, the Court explained it did not have the

authority to authorize an expenditure for an independent test of the chemicals. However, pursuant to Petitioner's request in the alternative, the Court ordered the government expert to restest the chemicals listed as 1A and 1C on the lab report from the Missouri State Highway Patrol Crime Lab. Since counsel actually obtained a Court order requiring retesting of the chemicals, counsel cannot be said to have provided ineffective assistance in this matter.

### C. Subpoenaing Witnesses

Petitioner also attempts to challenge counsel's strategy with regard to calling witnesses at his suppression hearings. Specifically, Petitioner argues counsel should have called two officers at the suppression hearing who could have testified that Petitioner "t[old] all officers to get a search warrant." Petitioner challenged the outcome of the suppression hearings on direct appeal, and the Eighth Circuit found no Fourth Amendment violations in part because the officers legitimately obtained a co-defendant's express consent to search the home. *United States v. Cantrell*, 530 F.3d 684, 690-92 (8th Cir. 2008). As such, even if counsel had called the officers and they testified exactly as Petitioner claims they would, the outcome of the proceeding would have remained the same. Accordingly, Petitioner cannot show any prejudice for counsel's failure to call these officers as witnesses during the suppression hearings.

### D. Counsel's Investigation and Trial Preparation

Petitioner also argues "[c]ounsel failed to investigate and prepare a defen[s]e for trial." In addition to reasserting through this argument that counsel was ineffective in preparing for the suppression hearings, did not communicate effectively with Petitioner, and failed to obtain an independent test of the evidence, Petitioner also asserts counsel should have obtained certain evidence from his co-defendant for the purpose of impeaching witnesses. Petitioner's challenge on

4

this point ultimately relates directly to counsel's strategic decisions before and during trial. As the Eighth Circuit has noted, strategic decisions by counsel are "virtually unchallengeable" in the context of an ineffective assistance of counsel argument, unless those decisions are based on deficient investigation. *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006). Petitioner has failed to explain both how the investigation was deficient and how counsel's trial preparation ultimately prejudiced him.

### E. Petitioner's Confession

Finally, Petitioner argues his conviction was obtained by use of a coerced confession. Petitioner claims he agreed to meet with an investigator from the public defender's office while he was incarcerated for a different offense to discuss his co-defendant's case. Subsequent to their conversation, Petitioner executed an affidavit wherein he claimed that the methamphetamine and other drug paraphernalia seized from his co-defendant's residence on October 8, 2004, were solely his. Petitioner claims he would not have signed the affidavit if he had been told it could lead to his indictment, and argues that his counsel was ineffective for failing to raise the issue on appeal. However, as explained to Petitioner by his counsel, there is no evidence that any government agent had any role in production of the incriminating affidavit. "Due process does not bar the use of a confession as evidence unless government officials employed coercive interrogation tactics which rendered the defendant's confession 'involuntary' as a matter of law." *United States v. Wolf*, 813 F.2d 970, 974 (9th Cir. 1987). Counsel was not ineffective for failing to raise an argument on appeal that had no merit.

## II. Due Process of Law

Petitioner also argues he was denied due process of law when: (1) he allegedly sought and

did not receive a hearing to challenge a prior conviction used to enhance his sentence, and (2) the Court did not submit certain jury instructions Petitioner sought. Neither of these arguments warrant any relief. While Petitioner provided notes to his attorney expressing an intent to challenge the 21 U.S.C. § 851 information, there is no record of any objection being presented to the Court. Indeed, though the specific offense is not described, Petitioner stipulated that he had been convicted of a felony in Missouri prior to the conviction in this case. With regard to Petitioner's challenge to the jury instructions, these claims are not cognizable under § 2255. *See Houser v. United States*, 508 F.2d 509, 515 (8th Cir. 1974) ("Claimed errors in ... instructions to the jury ... do not state a claim for relief under 2255). The Court finds no due process violation.

## **CONCLUSION**

For the reasons stated herein, Petitioner Rick Cantrell's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody is **DENIED** (Doc. 1).

**IT IS SO ORDERED**.

DATED: April 20, 2010  /s/ Richard E. Dorr
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT